ted." Article 801, C. C. P. See Judge Ramsey's opinion in Nash v. State, 61 Tex. Cr. R. 269, 134 S. W. 709, which has been uniformly followed since its rendition. See, also, 2 Vernon's Crim. Stats. p. 738.

The statement in some of the older cases to the effect that one of the tests of the sufficiency of the corroboration is to eliminate the accomplice's evidence, and then see if the other evidence exclusive of his tends to connect the defendant with the commission of the offense, has long since been exploded. The true rule is as stated by Judge Ramsey in said Nash Case, and by Mr. Branch in his Ann. P. C. § 719:

"The corroborative testimony need not be sufficient to establish the guilt of the defendant, for if this was the rule the testimony of the accomplice would be of no value."

He cites a large number of cases exactly in point. Hence the testimony of the accomplice must be considered in connection with all the other evidence to establish the corpus delicti, just like a confession may be used to aid the proof of the corpus delicti. 2 Branch's Ann. P. C. p. 1049.

In my opinion, the testimony of the accomplice was fully and completely corroborated.

MORROW, J. I understand the facts to bring this case in the class of Nash v. State, 61 Tex. Cr. R. 269, 134 S. W. 709, where the law of corroboration is, I think, correctly stated.

---

MACUMBER v. STATE. (No. 4741.)

(Court of Criminal Appeals of Texas. Dec. 5, 1917.)

CRIMINAL LAW ⬤⟿211(1)—COMPLAINT—DATE OF OFFENSE—UNCERTAINTY IN ALLEGATION.

A complaint, charging the date of the offense as "on or about the third day of June, 197," there being no other averments to aid it with reference to the date, left the date uncertain, and the court erred in overruling defendant's motion in arrest of judgment, although the information did not carry forward the defect.

Appeal from Foard County Court; G. L. Burk, Judge.

C. Macumber was convicted of an aggravated assault, and appeals. Reversed, and cause dismissed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This appeal is from a conviction for aggravated assault, prosecuted by complaint and information.

The complaint charges the date of the offense as follows: "On or about the third day of June, 197," etc. There are no other averments in the complaint which aid it with reference to the date of the alleged offense. In Brewer v. State, 5 Tex. App. 248, Blake v. State, 3 Tex. App. 149, Collins v. State, 5 Tex. App. 37, and McCoy v. State,

43 Tex. Cr. R. 607, 68 S. W. 686, pleading containing the same defect was held so defective as to require the court to sustain the motion in arrest of judgment. The averment leaves the alleged date of the offense uncertain. Complaint is made that the court erred in overruling appellant's motion in arrest of judgment, and, following the rule announced in the authorities mentioned, this contention must be sustained; this though the information did not carry forward the defect. It could not be thus cured under the decisions of this state. Drummond v. State, 4 Tex. App. 150; Goddard v. State, 14 Tex. App. 566; Huff v. State, 23 Tex. App. 293, 4 S. W. 890; Whitley v. State, 56 S. W. 69.

The judgment of the lower court is reversed, and the cause dismissed.

---

McKINLEY v. BONE. (No. 8718.)

(Court of Civil Appeals of Texas. Ft. Worth Oct. 27, 1917.)

1. JUDGMENT ⬤⟿953—FORMER ADJUDICATION —FINDING—EVIDENCE.

In trespass to try title to a strip of 15½ feet off the east side of lot 20, evidence *held* to sustain a finding that a default judgment in a former suit by the defendant against the plaintiff for a strip of that width upon the east side of lot 21 did not bar the plaintiff's right to all of lot 20, including the claimed excess of 15½ feet on its western side.

2. APPEAL AND ERROR ⬤⟿931(6)—ADMISSION OF EVIDENCE—TRIAL BY COURT.

Assignments of error in the admission of evidence, in view of the fact that the trial below was before the court without a jury, need not be discussed.

3. APPEAL AND ERROR ⬤⟿1051(1)—ADMISSION OF EVIDENCE—HARMLESS ERROR.

Judgment would not be reversed because of any error in the admission of evidence, where the evidence admitted without objection sufficiently supported the trial court's conclusions of fact.

Appeal from District Court, Wichita County; E. W. Nicholson, Judge.

Trespass to try title by J. W. Bone against F. M. McKinley. Judgment for plaintiff, and defendant appeals. Affirmed.

Ralph P. Mathis, of Wichita Falls, for appellant. R. E. Huff, of Dallas, and Chauncey & Davenport, of Wichita Falls, for appellee.

CONNER, C. J. This suit was instituted by the appellee, J. W. Bone, in the form of trespass to try title for a strip of land 15½ feet in width off of the east side of lot 20 in block 262 in the city of Wichita Falls, Tex. The court has filed his conclusions of fact, and thereupon judgment was rendered for the plaintiff, Bone, and the defendant, McKinley, has appealed.

Briefly stated, it appears that on April 26, 1913, the appellant, joined by other joint owners, conveyed to the appellee lots 20 and 21 in the block mentioned. The deeds were separately made, neither described the

boundaries of the lots by metes and bounds; the description in the deed to lot 20 being merely "all of lot 20 in block 262 in the city of Wichita Falls according to the subdivision of said block as made by T. D. Thompson, to which reference is made for full description." The description in the deed to lot 21 was the same, except as to the number of the lot conveyed. The plat or subdivision of the block referred to in the deed shows the numbers of the several lots, and in the upper and lower corners of the plat on the eastern end of the block is printed the numerals "52½." The width and length of the lots is not otherwise described. The evidence indicates, however, that at the time of the conveyances mentioned to Bone it was understood by all parties the width of the lots was 52½ feet and the length 162½ feet to an alley that ran through the block. At the time of the conveyance to Bone it appears that Bone procured a surveyor to mark the boundaries of his lots. The surveyor began at the southeast corner of lot 21, and thence ran 105 feet for the southwest corner of the land purchased by Bone. The southeast corner of lot 21, it appears from the evidence, is made to begin a specified number of feet from Grace street, which extends north and south along the east end of block 262. After Bone's purchase he erected his dwelling house upon lot 20, he having paid cash for that lot, and having given his promissory notes for the purchase money of lot 21. It further appears that thereafter, to wit, on June 11, 1914, McKinley instituted a suit in the district court of Wichita county to recover 15½ feet in width off of the east side of said lot 21. The judgment rendered in that case recites that Bone made no answer, and the decree accordingly was in favor of McKinley for "15½ feet in width off the east side of lot 21 in block 262 in the city of Wichita Falls in Wichita county, Tex., according to the subdivision of said block as made by T. D. Thompson." The judgment further recites that it appeared to the court that a mistake had been made in the deed to Bone conveying lot 21 "in that said land so conveyed in said recorded deed was all of said lot 21, when it should have read all of lot 21, excepting a strip 15½ feet wide extending along and through the extreme eastern side of said lot."

Thereafter, on, to wit, the 6th day of March, 1916, J. W. Bone reconveyed to McKinley lot 21, for a consideration of $1 and the cancellation of the $1,100 notes that had been given for the lot. The description given in the deed of reconveyance is "all of lot 21, block 262, in the city of Wichita Falls, Tex., according to the subdivision of said block as made by T. D. Thompson, to which reference is made for full description," no other or further description being given. It further appears that in some of the earli-

er deeds in McKinley's title to lot 20 its width is given as 68 feet, and its western boundary line so described as to coincide with the eastern boundary of lot 19 to the west owned by W. E. Norton. It seems to have been later discovered that the strip of 15½ feet in width between the eastern boundary line of lot 19 and the western boundary line of lot 20 as it had been placed by the surveyor who staked off Bone's purchase from McKinley was not claimed by Norton as any part of his property, and the appellee, Bone, thereupon asserted claim to the strip as part of his said lot 20. McKinley also claimed the land, insisting that it was an excess in lot 20, and he accordingly extended his fence westward from the west line of lot 21 15½ feet, thereby insisting, in effect, that he had only conveyed to Bone the 52½ feet in width on lot 20, which extended from the southeast corner of the Norton lot eastward to the line of his new fence. Thereupon this suit was instituted by Bone, as first stated, to recover the 15½ feet off the east side of lot 20 as he claims it.

[1] Appellant's first and principal assignment of error attacks the court's findings of fact and conclusions of law in that "in a certain suit in the district court of Wichita county, Tex., between F. M. McKinley and J. W. Bone there was a competent judgment entered settling the matters at issue between the parties hereto, in which judgment the excess in the block in controversy and in these two lots was definitely located by the court to be upon the east side of lot 21."

While, as is to be inferred from the facts as we have above stated them, it may have been the purpose in this suit filed by McKinley in 1914 to determine and recover an excess of 15½ feet in the two lots, considered as a whole, that had been conveyed to Bone, there is nothing in the record that enables us to say that such were the issues joined in that suit. Appellant in this suit did not plead that judgment as res adjudicata, if indeed it was necessary to do so, nor upon the trial below was the petition upon which the judgment by default was predicated offered in evidence. The evidence relating to the matter consists wholly of the judgment itself, which was offered in evidence in this case by Bone. The judgment on its face purports to deal with an excess in lot 21 only, indicating that an excess in this lot, and not an excess in lot 20, was the matter at issue, nor in the reconveyance of lot 21 by Bone to McKinley was it indicated that the boundaries of lot 21 were to be ascertained otherwise than by its description as given. The surveyor testifies that the southeast corner of lot 21 was to be ascertained by a recognized beginning point on Grace street to the east, and nothing in the evidence enables us to say that the trial court was in error in concluding, as in effect he did, that the judgment by default did not bar the

rights of the appellee, Bone, to all of lot 20, including the claimed excess of 15½ feet on its western side.

[2, 3] Appellant's only remaining assignments go to the introduction of certain testimony, which in view of the fact that the trial was before the court without a jury need not be discussed. The evidence objected to seems to have been admissible, but, if not, the judgment would not be reversed because of its admission in view of the fact that the evidence admitted without objection sufficiently supports the trial court's conclusions of fact.

We conclude that all assignments of error should be overruled, and the judgment affirmed.

